No. 09-3068-cv
Software for Moving, Inc. v. La Rosa Del Monte Express, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand eleven.

PRESENT:   CHESTER J. STRAUB,
              ROBERT D. SACK,
              GERARD E. LYNCH,
                        *Circuit Judges.*

--------------------------------------------------------------------

SOFTWARE FOR MOVING, INC.,
              *Plaintiff-Counter-Defendant-Appellant*,

              v.                                      No. 09-3068-cv

LA ROSA DEL MONTE EXPRESS, INC., a New York Corporation, LA ROSA DEL MONTE EXPRESS (CHICAGO), LLC, an Illinois Limited Liability Company,
              *Defendants-Counter-Claimants-Appellees*.

--------------------------------------------------------------------

FOR APPELLANT:          Barry M. Schreibman, Cazenovia, New York, Andrew M. Kaver, New York, New York (Vikrant Pawar, New York, New York, *on the brief*).

FOR APPELLEE:           Kevin J. Harrington, John T.A. Rosenthal, Harrington, Ocko & Monk, LLP, White Plains, New York.

Appeal from the United States District Court for the Southern District of New York

(John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Software for Moving, Inc. ("SFM") sued La Rosa Del Monte Express, Inc. and La Rosa Del Monte Express (Chicago), LLC (collectively, "La Rosa") after they stopped making payments on a web-based software package that SFM had developed. La Rosa sought to arbitrate the dispute, but SFM resisted, claiming that it was not contractually obligated to arbitrate with La Rosa. After a three-day bench trial, the district court (Koeltl, *J*.) found that a valid arbitration agreement existed and ordered the parties to proceed to arbitration. SFM appeals. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.[1]

This case turns on the validity of the parties' 2005 Software Development and License Agreement ("License Agreement"). SFM maintains that the signature of its President, Shlomo Kogos, appearing on the final page of that agreement is a forgery and that SFM is therefore not bound by the agreement's arbitration provision. However, following a three-day bench trial on that issue, the district court found that "virtually all of the direct and circumstantial evidence" supported the conclusion that Kogos signed the agreement, and ordered the parties "to proceed to arbitration in accordance with the arbitration [provision]

---

[1] During the pendency of this appeal, SFM repeatedly sought extensions of time to file its briefs and appendix, and its first two attorneys moved to withdraw from the case, with the second, Vikrant Pawar, citing a total breakdown in communication with his client. Although most of those motions were granted, we are left with the distinct impression that SFM has engaged in a strategic effort to delay for as long as possible the inevitable ruling in La Rosa's favor.

in the License Agreement." On appeal, SFM challenges the district court's finding that it had entered into the License Agreement.

We review a district court's factual finding after a bench trial for clear error. See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 145 (2d Cir. 2001). Far from being clearly erroneous, the district court's conclusion that the parties entered into a valid arbitration agreement is supported by a wealth of evidence. For example, a former La Rosa employee, who appears to have no financial interest in the case, testified that Kogos gave him a signed copy of the License Agreement. Similarly, a current La Rosa employee testified to seeing a signed copy of the agreement well before the present dispute arose. Kogos himself testified that he had anticipated that the parties' initial oral agreement would be reduced to writing once the parties reached a consensus on its terms, and the parties acted as if they were operating under the License Agreement throughout the course of their relationship. In fact, SFM filed a signed addendum to the License Agreement in support of its initial Complaint in this case, and treated the addendum as valid up until the time of Kogos's deposition testimony, when Kogos suddenly decided that La Rosa had forged his signature on that document as well. The district court noted that this "change of position . . . weighs against the credibility of [Kogos's] testimony," a conclusion entitled to deference from this Court. See United States v. Iodice, 525 F.3d 179, 185 (2d Cir. 2008).

The only evidence that arguably supports SFM's otherwise wholly implausible claim is the fact that the License Agreement references an email address for Kogos that did not exist until sometime after March 3, 2005, the date contained on the License Agreement.

3

However, as the district court astutely observed, the agreement does not state that it was drafted or signed on March 3, 2005, only that it became effective on that date. This is consistent with Kogos's own testimony that the parties had an initial oral agreement that was to be converted into writing at a later date. In fact, SFM and La Rosa had a history of acting in just that manner. Thus, the district court was entirely free to credit the "coherent and facially plausible" explanation, Anderson v. Bessemer City, 470 U.S. 564, 575 (1985), provided by La Rosa that the License Agreement was created sometime after the parties consented to its terms and backdated to reflect the actual date on which the agreement became effective.[2]

Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Like his two predecessors, SFM's current lead counsel, Barry M. Schreibman, has moved to withdraw. That motion is granted. We note that yet another lawyer, Andrew M. Kaver, has entered an appearance as additional counsel for SFM, and remind SFM that, because a corporation may not appear pro se, any further submissions must be made either by that lawyer or by some other attorney who would first have to enter an appearance as counsel of record.

4